# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ABRAHAM RIOS,**

        **Plaintiff,**

v.                                    **Case No:  6:17-cv-1074-Orl-37DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Abraham Rios (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his applications for disability insurance benefits (DIB) and supplemental security income (SSI).  Doc. 1; R. 1-3, 229-36.  Claimant argued that the Administrative Law Judge (the ALJ) erred by failing to apply the correct legal standards to the opinion of Martin Prado, M.D.  Doc. 14 at 12-16.  For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

### I.  THE ALJ'S DECISION

Claimant filed applications for DIB and SSI in 2013.  R. 229-36.  Claimant alleged a disability onset date of March 31, 2011.  *Id*.

The ALJ issued her decision on January 20, 2016.  R. 13-27.  In the decision, the ALJ found that Claimant had the following severe impairment: colitis.  R. 15.  The ALJ found that Claimant had a residual functional capacity (RFC) to perform less than a full range of light work

as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b).[1]  R. 18.  Specifically, the ALJ found as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except except [sic] he is able to lift up to 10 pounds continuously, up to 20 pounds frequently and up to 50 pounds occasionally; he is able to sit for 8 hours, stand for 6 hours and walk for 6 hours; he is able to continuously use his bilateral hands and frequently is able to write; he is never to climb ladders, ropes or scaffolds; he is able to frequently use stairs/ramps, balance, stoop, kneel and crouch but is only able to occasionally crawl; he has no problems with his ability to see, hear or communicate; he should avoid unprotected heights, dusts, odors, fumes and pulmonary irritants, extreme cold and extreme heat; he can have occasional access to vibrations, humidity or wetness; he is able to operate a motor vehicle frequently and be around moving, mechanical parts frequently and he can handle moderate office noise. In addition to the normal 3 breaks (morning, lunch and afternoon), he would need 2 additional breaks of 5 minutes duration during a work day.

*Id.*  Based upon the foregoing RFC, the ALJ found that Claimant was capable of performing his past relevant work.  R. 26.  Therefore, the ALJ found that Claimant was not disabled from March 31, 2011 through the date of the ALJ's decision.  *Id.*

## II.   STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'"  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b); 416.967(b).

405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.   ANALYSIS

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that: "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Id*. at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id.* at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id*. (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating

physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Winschel*, 631 F.3d at 1179 (quotation marks omitted).

> On February 1, 2012, Dr. Prado opined as follows:
>
> [Claimant] is a patient of mine with a chronic bowel condition characterized by frequent episodes of diarrhea. He has also had surgery for this condition.
>
> He has frequent episodes of diarrhea related to his condition and related surgery. This may require easy access to a restroom as needed.

R. 331. The ALJ found the following with regard to Dr. Prado's opinion:

> As for the letter dated February 2012, where Dr. Prado wrote a letter and noted that the claimant has frequent episodes of diarrhea and "may require easy access to a restroom as needed" (Exhibit 2F), I give this some weight. I note that Dr. Prado does not stated that the claimant must have bathroom breaks "as needed" or that he will frequent the bathroom during the day or even give a number of times he must be allowed (including no mention of hours, every half hour or so for the breaks) . There is no repetition of this limitation in later records despite the claimant receiving more subsequent treatment. Nor does Dr. Prado state the claimant should not be going to school.

R. 25. Several paragraphs later, the ALJ stated that:

> The evidence shows that [Claimant] is able to work with at least 5 breaks during the day, which is consistent with the facts given to Dr. Prado when he got back on his medications. Moreover, I give significant weight to Dr. Prado's records as they show he has been off medications for earlier time frame of this application but when he was on his medications and compliant, he had improvement (Exhibit Cl4F)

*Id*.

Claimant generally argued that the "ALJ failed to apply the correct legal standards and made findings not supported by substantial evidence." Doc. 14 at 14. Specifically, Claimant argued that the ALJ failed to give sufficient reasons for not according substantial weight to Dr. Prado's opinion. *Id*. at 12-16. Claimant further argued that Dr. Prado's opinion was supported by Claimant's surgical history and sigmoidoscopy results and should have been accorded substantial weight. *Id*. Finally, Claimant argued that the ALJ failed to account for Dr. Prado's opinion in the residual functional capacity assessment and hypothetical to the vocational expert. *Id*.

In response, the Commissioner argued, in part, that any failure on the part of the ALJ to properly weigh Dr. Prado's opinion was harmless error because Dr. Prado's opinion is not clearly inconsistent with the RFC.  The undersigned agrees.

As an initial matter, the undersigned notes that to the extent Claimant was trying to argue that the RFC was not supported by substantial evidence for some reason other than the ALJ's alleged error in failing to accord substantial weight to Dr. Prado's opinion, Claimant waived the argument by raising it in a perfunctory manner.  *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

The undersigned need not reach Claimant's specific arguments regarding Dr. Prado's opinion because Claimant, who bears the burden of demonstrating that he is disabled, *see Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003), failed to demonstrate that Dr. Prado's opinion contradicts the RFC.

Claimant argued that Dr. Prado's opinion contradicts the RFC because the RFC does not allow for "frequent episodes of diarrhea" and using the restroom "as needed." But as the ALJ noted when weighing Dr. Prado's opinion, Dr. Prado did not indicate what he meant by "frequent episodes of diarrhea." The RFC provides Claimant with five breaks throughout the workday (i.e., morning, lunch, afternoon, and two additional five minute breaks), and there is nothing in Dr. Prado's opinion to indicate that five breaks is insufficient.

In addition, Claimant outright ignores the fact that Dr. Prado opined that Claimant "*may* require easy access to a restroom as needed." Claimant takes the position that Claimant "needs 'easy access to a restroom.'" But that is not consistent with Dr. Prado's opinion. The undersigned cannot say that Dr. Prado's opinion directly contradicts the ALJ's RFC where Dr. Prado's opinion was only that Claimant "may" require easy access to a restroom.

Finally, although Claimant argues that a five minute break is not sufficient for him to use the restroom, Dr. Prado offered no opinion whatsoever as to the amount of time that would be necessary for Claimant to use the restroom. And, as previously discussed, Claimant's only argument in this case was that the ALJ allegedly erred by failing to accord substantial weight to Dr. Prado's opinion. Claimant did not provide any argument to suggest that the RFC was not supported by substantial evidence for reasons other than the ALJ's alleged failure to accord substantial weight to Dr. Prado's opinion.

For the foregoing reasons, the undersigned finds that Dr. Prado's opinion does not directly contradict the RFC and, thus, that any alleged error the ALJ may have committed in failing to accord substantial weight to the opinion would have been harmless. *See, e.g.*, *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is

harmless error if the opinion does not directly contradict the ALJ's RFC determination); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam) (similar).

Accordingly, it is **RECOMMENDED** that the Court reject Claimant's assignment of error.

## IV. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the final decision of the Commissioner; and

2. Direct the Clerk to enter judgment in favor of the Commissioner and against Claimant, and close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 5, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy